IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-152-BO

| | | |
|---|---|---|
| LEXINGTON MARINE GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CROSSVILLE BNRV SALES, LLC; | ) | |
| RIDGELAND RECREATIONAL | ) | |
| VEHICLES, INC.; RECREATION | ) | |
| UNLIMITED, LLC; and DERWOOD L. | ) | |
| LITTLEFIELD; | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss or, alternatively, to transfer venue to the United States District Court for the Northern District of Georgia. [DE 10]. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion to transfer [DE 10] is GRANTED IN PART and DENIED IN PART. The parties have also moved for the Court to take judicial notice of certain documents [DE 12, 29] and that certain filings be sealed [DE 21]. For good cause shown, these motions are also GRANTED.

BACKGROUND

In April 2017, plaintiff Lexington Marine and its owner, Mr. Hudson Wang, entered into a contractual agreement with defendant Derwood Littlefield to sell plaintiff's inventory and assets—hundreds of boats and boat parts—to a group of entities affiliated with Mr. Littlefield. A new entity was formed to complete this transaction: International Pontoon Corporation.

At some point, the relationship soured, and in January 2018, Mr. Littlefield and International Pontoon brought suit against plaintiff Lexington Marine and Mr. Wang in the Northern District of Georgia. A few months later, after having apparently settled their dispute, the Georgia case was closed. But then, in March 2018, defendant Littlefield and some of his affiliates showed up at one of Lexington Marine's facilities in Leland, North Carolina and drove off with some boats and boat parts that defendants claim they were entitled to.

In May 2018, the Georgia case was reopened, and the defendants in that action—Lexington Marine and Mr. Wang—brought counterclaims against Mr. Littlefield and International Pontoon for, among other things, conversion and unjust enrichment. Both of these counterclaims related to the March 2018 incident, for which Mr. Wang sought $348,815 in damages. Lexington Marine and Mr. Wang moved for a temporary restraining order, which was fully briefed and denied by the Georgia court in August 2018. Around the same time, the Georgia court entered a scheduling order and the discovery phase of the litigation began.

In August 2018, plaintiff Lexington Marine initiated this suit in Brunswick County, North Carolina. Defendants removed the suit to federal court, then moved to dismiss, transfer, or stay the suit given the pendency of the parallel Georgia suit. In the instant suit, plaintiff brings claims for conversion, unjust enrichment, and unfair trade practices against Mr. Littlefield and three corporate entities affiliated with him: Crossville BNRV Sales, LLC; Ridgeland Recreational Vehicles, Inc.; and Recreation Unlimited, LLC. All three are "retail entities wholly owned by [Mr.] Littlefield." [DE 11, p. 1]. Plaintiff again seeks $348,815 in damages, alleging that each of these entities were involved in improperly removing boats and boat parts from plaintiff's Leland, North Carolina facility.

2

DISCUSSION

At the outset, the Court grants the parties' requests and takes judicial notice of the offered documents under Federal Rule of Civil Procedure 201. Federal courts may take judicial notice of adjudicative facts which are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of court filings and other matters of public record." *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, 2010 WL 3767140, at *6 (E.D.N.C. Aug. 16, 2010); *see also Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006). Each of the documents that the parties submit conforms with the requirements of Federal Rule of Civil Procedure 201 and, as such, the motions are granted.

The Fourth Circuit recognizes the "first-filed" rule. *Learning Network, Inc. v. Discovery Comm., Inc.*, 11 F. App'x 297, 300 (4th Cir. 2001); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003). The first-filed rule provides a presumption of priority in parallel litigation in the venue where jurisdiction is first established. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); *see also VRCompliance LLC v. HomeAway, Inc.*, 715 F.3d 570, 574 (4th Cir. 2013) (where parallel suits are pending in state and federal court, the first filed suit should generally have priority). Generally, there are three factors to consider before applying the first-filed rule: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues being raised." *Davis v. Zuccarello*, 2017 WL 2729089, at *3 (M.D.N.C. June 23, 2017). Additional parties who exist in the second suit but not the first do not automatically bar application of the first-filed rule. *See Family Dollar Stores, Inc. v. Overseas Direct Imp. Co.*, 2011 WL 148264, at *3 (W.D.N.C. Jan. 18, 2011) ("An additional party, Prestige, exists in the New York action but its presence does not change the

gravamen of the dispute."); *Davis*, 2017 WL 2729089, at *3 ("[T]he addition of Zuccarello in a different capacity in this suit does not alter the gravamen of the dispute."); *Troche v. Bimbo Foods Bakeries Distribution, Inc.*, 2011 WL 3565054, at *3 (W.D.N.C. Aug. 12, 2011) ("[F]or the first-to-file rule to apply, courts need not find a precise overlap. A showing of substantial similarity will suffice.").

The Court, in its discretion, finds the first-filed rule applicable to this suit. Each of the three factors favors defendants. The Georgia suit was filed in January 2018. The pleadings have all been filed, a motion for a temporary restraining order has been briefed and denied, and discovery is underway. By contrast, this suit was only filed in August 2018. Of the two, it is clear that the Georgia suit was first filed. Further, the issues are effectively identical. In both suits, plaintiff raises conversion and unjust enrichment claims and seeks $348,815 in damages. Here, plaintiff has added a claim under North Carolina's Unfair and Deceptive Trade Practices Act, but the underlying factual allegations remain unchanged. The dispute revolves around the removal of boats and boat parts from plaintiff's Leland facility in March 2018.

The only factor which is truly disputed is the similarity of the parties. Plaintiff argues that it had to file this North Carolina action because of the tangled web of corporate entities that defendant Littlefield uses, citing Littlefield's inconsistent answers as to the ownership of those entities and a lack of clarity as to who was actually involved in the March 2018 incident. But the Court need not decide the question of privity at this stage; rather, the *similarity* of the parties is what must be weighed. Mr. Littlefield is a party to both suits, and the corporate defendants in this suit are wholly owned by him and closely related to International Pontoon, the counterclaim defendant in the Georgia suit. The parties are similar and plaintiff has given no convincing reason why the litigation could not proceed against them in Georgia.

4

The Court is also unpersuaded that the "balance of conveniences" suggests that application of the first-filed rule would be improper in this case. The Georgia suit is further along. The underlying dispute involves the terms of the agreements signed by the parties and likely governed by Tennessee law, as well as the settlement agreement negotiated by the parties in Georgia. Each of the corporate defendants is headquartered outside of North Carolina. Thus, it would not be plainly more convenient to litigate this dispute in North Carolina and application of the first-filed rule is appropriate.

As such, in its discretion, the Court finds the first-filed rule to be applicable. Because Mr. Littlefield is already a counterclaim defendant in the Georgia suit, plaintiff's duplicative claims against him here are DISMISSED. Plaintiff's claims against the corporate defendants are TRANSFERRED to the Northern District of Georgia.

## CONCLUSION

For the above reasons, defendants' motion to transfer [DE 10] is GRANTED IN PART and DENIED IN PART. The parties have also moved for the Court to take judicial notice of certain documents [DE 12, 29] and that certain filings be sealed [DE 21]. For good cause shown, these motions are also GRANTED. The Court, in its discretion, TRANSFERS this action to the United States District Court for the Northern District of Georgia.

SO ORDERED, this 8 day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE